· [No. 20121.   In Bank. — March 8, 1886.]

## THE PEOPLE, RESPONDENT, v. ANDREW GEORGE SCOTT, APPELLANT.

CRIMINAL LAW — MURDER — REPELLING ASSAULT BY FORCE — INSTRUCTION. — In a prosecution for murder, a certain instruction quoted in the opinion as to the duty of the defendant to peaceably avoid a threatened assault on his person, before repelling it by force, *held*, erroneous.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*R. H. Ward,* and *Terry & Terry,* for Appellant.

*Attorney-General Marshall, S. J. Hinds,* and *J. H. Daly,* for Respondent.

MYRICK, J. — The defendant was charged with the crime of murder in killing one Feliz. He was convicted of murder in the second degree, and sentenced to imprisonment for ten years. The homicide occurred at a gambling-table, in reference to money being bet at a game of poker. One Higgins sat at the right of Scott, and dealt the cards; Feliz sat at Scott's left. After the dealing Scott bet $4 on the game, and put the money in the "pot"; Feliz, the next in order, bet $2.50; Scott, remarking to Feliz that he had not money enough, withdrew the $4 he had bet; Feliz demanded that it be replaced, Feliz having at the time a knife in his hand; Scott drew a pistol; Feliz seized the pistol, and in the struggle was shot, — whether by design or by an accident in consequence of the struggle was for the jury to determine.

At the trial, the court below instructed the jury, that if the defendant "had agreed to return the money claimed to have been removed by him from the gambling-pot, and could have avoided any necessity for killing the deceased by doing so, and that by so doing he would have

been in no danger to either life or bodily harm from the deceased, and yet with full knowledge of this situation, and after he had agreed to return the money, by doing which all danger to him would have been avoided with safety to himself, he shot and killed the deceased in a cool and deliberate manner, then such killing will be murder"; and the court also instructed the jury, that if the defendant, prior to the fatal shot, if he fired it, "had agreed to return the money alleged to have been removed by him from the gambling-pot, and could have avoided the necessity of killing the deceased by replacing the money back after agreeing to do so, the court instructs the jury that it was his duty to do so; and as between complying with such promise and slaying the deceased, it was his duty to adopt that course which would have prevented and avoided any occasion for the shooting, if that course could have been pursued with safety to the defendant."

We are not aware of any rule of law by which the withdrawing of his money by the defendant, or his refusing to replace it, even after a promise so to do, would have justifed any act or demonstration of hostility on the part of Feliz, or have at all changed or modified the right of defendant to meet and repel such act or demonstration by adequate and proper means.

These instructions impliedly carried the doctrine of "retreating to the wall" to an extent hitherto unknown. The giving of these instructions is manifest error; and for such error the judgment and order are reversed, and the cause is remanded for a new trial.

SHARPSTEIN, J., and MCKEE, J., concurred.

ROSS, J., MCKINSTRY, J., and THORNTON, J., concurring.—We think the last instruction quoted in the opinion erroneous, and therefore concur in the judgment.